# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
## STATESBORO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> DANIEL MORALES-ROBLERO, <br><br> Defendant. | CASE NO.: CR618-018 |

## **ORDER**

The Court held an Initial Appearance and Arraignment in this case on January 3, 2019. At that hearing, all parties agreed that because Immigration and Customs Enforcement (ICE) had issued a detainer for the Defendant, he would remain in custody even if this Court were to find that he qualified for pre-trial release in the instant case. (Doc. 12). Thus, the issue of pre-trial release was moot. No detention hearing was held at that time. If the Defendant wished to petition for bail / pre-trial release pursuant to 18 U.S.C. § 3142, he remained able to do so, if and when the status of his ICE detainer changed. In order to ensure that there is no lack of clarity as to what Defendant's detention status was following his Initial Appearance and Arraignment, the court enters this clarifying order, *nunc pro tunc*.

It was (and remains) the court's intent that as of the time of the Initial Appearance and Arraignment that the Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant was, and is, to be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility was, and is, to deliver Defendant to the United States Marshal for the purpose of any appearance in connection with a court proceeding.

So ORDERED this  7th  day of March, 2019, *nunc pro tunc* January 3, 2019.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA